## Divine v. Commonwealth.

(Decided March 13, 1928.)

## Appeal from Muhlenberg Circuit Court.

1. Criminal Law.—A Court of Appeals cannot disturb the jury's verdict unless it is palpably against weight of the evidence.

2. Burglary.—Evidence held sufficient to sustain conviction of breaking and entering storehouse for the purpose of committing a larceny therein.

W. O. SMITH, LUKE TEAGUE and RUMSEY BOGGESS for appellant.

J. W. CAMMACK, Attorney General, (GEO. H. MITCHELL, of counsel), for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was indicted jointly with Delbert Gregory, Robert Black, and Bailey Hammond, charged with the crime of breaking and entering a storehouse for the purpose of committing a larceny therein. Appellant was tried separately, and a jury fixed his punishment at confinement in the penitentiary for a period of one year. He set out in his motion and grounds for a new trial four reasons why it should be granted, but all four may be reduced to one, and that one is that the evidence in behalf of the commonwealth was not sufficient to support the verdict of the jury or to justify the court in submitting the case to the jury.

Herbert Heltsley was the owner of a garage located near Cleaton. On the night of July 12, 1926, this garage was broken into, and certain automobile accessories, including four casings, were stolen. Heltsley testified to these facts, but he did not know who broke into his garage. Soon thereafter he learned that Dean Welborn had purchased two casings, and he called on him and examined the casings. One of them was identified by Heltsley as having been taken from his garage on the night it was broken into. The identification was certain, as it was made from the serial number on the casing which corresponded with the serial number of one of the casings taken from Heltsley's garage.

Dean Welburn testified that he purchased the two casings from Bailey Hammond on the night that the garage was broken into. Hammond, in company with the

appellant, brought the casings to Welburn at his home, between the hours of 9 and 11 o'clock. Appellant stopped at the gate, but Hammond aroused Welburn from his sleep, and delivered to him the tires, and Welburn paid him $8 for the two. Appellant said nothing on that occasion. This was all of the evidence introduced in behalf of the commonwealth. At its conclusion, appellant moved for a peremptory instruction directing the jury to find him not guilty, but his motion was overruled. He then testified for himself. He denied all knowledge of the breaking into the garage, but admitted that he was with Hammond when he delivered the casings to Welburn. He said that some time before that time he had loaned Hammond $4, and that he saw him on the afternoon of that day, and told him he wanted to collect his money as he desired to go to Detroit. Hammond told him that he had some casings that he thought he could sell to Welburn. Thereupon he and Hammond, about 3 o'clock in the afternoon, went to the home of Welburn, and Hammond and Welburn had a talk about the casings. Appellant took no part in the conversation. He testified that Welburn agreed to purchase the casings, but he did not know what he was to pay for them. He and Hammond returned to Cleaton, where they separated with the understanding that they would meet at the railroad crossing at 8:30 and take the casings to Welburn. Appellant testified that he did not know where Hammond got the casings or how long he had been in possession of them. He met him at 8:30 o'clock, and they proceeded to the home of Welburn, where the casings were delivered. They returned to the town, and Hammond paid him the $4. He went home with one of his friends that night, and the next morning at 7 o'clock he caught a freight train out of Central City to Nortonville, where he caught another freight for Evansville. He proceeded to Detroit by riding on freight trains. He remained there with his brother for about two weeks, when he went to a town in Ohio, and thereafter he went to Chicago. After an absence of some months, he returned to his home near Cleaton.

The fact that he admits that he was with Hammond in the afternoon of the day that the garage was broken into, and that he was with him that night when Hammond had in his possession one of the casings stolen from the garage, taken in connection with the very suspicious circumstances that the $4 which he admits he re-

ceived from Hammond was one-half of the sum received for the two casings, and all coupled with the further fact that he left early the next morning, were sufficient to take the case to the jury. The jury knew the witnesses, and we cannot disturb their verdict, unless it is palpably against the weight of the evidence. We cannot say that the jury did not have substantial evidence on which to base its verdict. No other error is complained of.

Judgment affirmed.